UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEFFREY H. LESTER,**

    **Plaintiff,**

**v.**                                                     Case No: 5:23-cv-266-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

Before the Court is the Commissioner's unopposed motion for entry of judgment pursuant to sentence four of 42 U.S.C. § 405(g), asking the Court to remand this case so the Commissioner can take further administrative action. (Doc. 11).

Under Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292 (1993). Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council);

*Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon review of the record and filings, I agree with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is ORDERED that:

(1) The Commissioner's motion (Doc. 11), is **GRANTED** and this action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g),[1] to the Commissioner for the following reasons: "additional administrative proceedings, including additional consideration of the evidence, offering claimant the opportunity for a new hearing, obtaining supplemental vocational expert testimony if necessary, and issuing a new decision." (Doc. 11 at 1).

(2) The Clerk is directed to enter judgment accordingly and close the file.

**DONE and ORDERED** in Ocala, Florida on July 5, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala*, 509 U.S. at 301-02.